1  MARK L. KIEFER, STATE BAR #116633
   mkiefer@tysonmendes.com
2  TYSON & MENDES LLP
   515 South Flower Street, 18th Floor
3  Los Angeles, CA  90071
   Telephone: 213.745.8600/Facsimile: 213.745.8604
4
   Attorneys for Defendants,
5  ELY KIRKENDALL and HAFIZULLAH AZIZI MD

6

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11 WILLIAM SCHELL MORTON,              Case No. 5:21-cv-00052-JGB (SHK)

12           Plaintiff,               Assigned to: Hon. Jesus G. Bernal
                                      Courtroom 1
13      v.

14 COUNTY OF SAN                       **DEFENDANTS ELY KIRKENDALL
   BERNARDINO; DEPUTY                 AND HAFIZULLAH AZIZI'S REPLY
15 KABLUYEN; DEPUTY PETERS;           TO PLAINTIFF'S OPPOSITION TO
   SERGEANT JIM EVANS; AND            MOTION FOR SUMMARY
16 DOES 1-10, INCLUSIVE,              JUDGMENT/ SUMMARY
                                      ADJUDICATION**
17
             Defendants.             DATE:November 4, 2024
18                                    DEPT: Riverside, Courtroom 1
                                      TIME: 9:00 a.m.
19

20                                    ACTION FILED: 01/11/2021

21                                    **TRIAL DATE:   11/19/2024**

22         Defendants ELY KIRKENDALL and HAFIZULLAH AZIZI ("Defendants")

23 hereby reply to Plaintiff WILLIAM SCHELL MORTON's Opposition to

24 Defendants' Motion for Summary Judgment and/or Summary Adjudication of

25 Issues.

26 / / /

27 / / /

28 / / /

TYSON & MENDES, LLP
515 S. FLOWER ST., 18TH FLOOR
LOS ANGELES, CA 90071
(213) 745-8600 (213) 745-8604 Fax

-1-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TYSON & MENDES, LLP
515 S. FLOWER ST., 18TH FLOOR
LOS ANGELES, CA 90071
(213) 745-8600 (213) 745-8604 Fax

1.    **Plaintiff Admits all of Moving Parties' Undisputed Facts ("SUFs");**
**Plaintiff does not offer any Disputed Facts relating to the Kirkendall/Azizi**
**Motion**

Defendants KIRKENDALL and AZIZI submitted 19 Undisputed Facts ("SUFs") in support of their Motion for Summary Judgment and/or Motion for Summary Adjudication of Issues ("MSJ/MSA") (Doc. #57-3).  The First six items thereof consisted of allegations from Plaintiff's Second Amended Complaint, in order to frame the issues presented for hearing of this Motion as concerns KIRKENDALL and AZIZI.  The other thirteen items consisted of admissible evidence, largely derived from deposition testimony, to refute those allegations.  As the Court well knows, allegations do not substitute for facts on hearing for summary judgment and they cannot be relied upon by the opponent to raise a trial issue of fact.

Plaintiff's "Separate Statement of Uncontroverted Facts and Additional Uncontroverted Material Facts in Opposition to Defendants' Motion for Summary Judgment" (Doc. #61-2) admits all 19 UMFs as "**Undisputed**" (emphasis added).

Moreover, Plaintiff's "Separate Statement of Uncontroverted Facts and Additional Uncontroverted Material Facts in Opposition to Defendants' Motion for Summary Judgment" (Doc. #61-2) contains **no Statement of Genuine Disputes of Material Fact** as to the Kirkendall/Azizi MSJ/MSA.

As a result, Local Rule 56-2 of the United States District Court, Central District of California applies.  It requires the following:

"L.R. 56-2 Statement of Genuine Disputes of Material Fact by Opposing Party.3  Any party who opposes a motion for summary judgment or partial summary judgment must serve and file with the opposing papers a separate "Statement of Genuine Disputes" setting forth all material facts as to which it is contended there exists a genuine dispute necessary to be litigated.  This Statement must include two columns, setting forth in the left-hand column every fact included in the moving party's Statement of Uncontroverted Facts (in the same order, using the same

numbers, and with all citations to the supporting evidence identified by the moving party) and indicating for each such fact in the right-hand column whether the opposing party contends that a genuine dispute necessary to be litigated exists as to that fact.  For each disputed fact, the Statement of Genuine Disputes must provide pinpoint citations (including page and line numbers, if available) to evidence in the record that supports the claim that the fact is disputed."

Federal Rules of Civil Procedure ("FRCP"), Rule 56(e) states in pertinent part:

(e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:…(2) consider the fact undisputed for purposes of the motion…"

Moving Parties have set forth the issues to be addressed in this Motion by quoting faithfully from the allegations set forth in Plaintiff's Second Amended Complaint.  Moving Parties have then introduced admissible evidence to support a finding by this Court that they are entitled to Summary Judgment and/or Summary Adjudication in their favor.

Plaintiff has not argued that Moving Parties' SUFs are insufficient to support such a finding in their favor.  Plaintiff had his opportunity to either object to Moving Parties' UMFs, or to controvert them by introducing countervailing evidence, or to introduce his own material facts setting up a genuine dispute leading to a triable issue between Plaintiff and Moving Parties.

Moving Parties acknowledge that Plaintiff has submitted Doc. #60-2, Plaintiff's Statement of Undisputed Facts, items 1-22, from page 25-32.  **However**, a careful read of that Document will show that it follows Plaintiff's response to the County Defendants' SUFs and that the disputed facts offered, items 1-22, pertain only to County Defendants.  The citations to the deposition of Plaintiff's expert psychiatrist, Jeffrey Metzner, do not pertain to Kirkendall nor to Azizi.

Tyson & Mendes, LLP
515 S. Flower St., 18th Floor
Los Angeles, CA 90071
(213) 745-8600 (213) 745-8604 Fax

-3-

TYSON & MENDES, LLP
515 S. FLOWER ST., 18ᵀᴴ FLOOR
LOS ANGELES, CA 90071
(213) 745-8600 (213) 745-8604 Fax

Simply put, Plaintiff does not offer any admissible facts in opposition to the Kirkendall/Aziza MSJ/MSA.  It should be granted for reason.

**2.      Kirkendall and Azizi Object to Plaintiff's Use of Argument In Lieu of Admissible Facts**

On summary judgment, arguments of counsel, even if offered in the form of factual statements, are not facts. They need to be set forth in a Separate Statement, with a citation to the applicable evidence.

In the "Opposition" Brief offered by Plaintiff, counsel makes statements as if they are fact.  However, these "facts" are not supported by citation to the record or to admissible evidence.  That was Plaintiff's burden.  It is not Moving Parties' burden to do that work.

Moving Parties object to and move to strike the following as argument of counsel, without proper citation to admissible evidence and therefore insufficient to raise a trial issue of fact:

- Page 1, lines 9-13, beginning with "Beginning" and ending with "evaluation".

- Page 1, lines 15-24, beginning with "On" and ending with "'delusions'".

- Page 2, lines 1-16, beginning with "Defendant" and ending with "January 22, 2019".

- Page 2, line 24-Page 3, line 3, beginning with "Dr." and ending with "eye".

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

• Page 5, lines 3-Page 6, line 26, beginning with "Defendant" and ending with "condition".

• Page 7, line 1-Page 8, line 21, beginning with "On" and ending with "'condition'".

**3.      The References Cited By Plaintiff do not Raise Triable Issues as to Kirkendall**

Plaintiff does reference the "Metzner transcript 177:24-25; 178:1-6)" as "Relevant Facts Regarding Defendant KIRKENDALL." There, Metzner says that an initial "psychiatric evaluation" as of "January 20th" of 2019 would have been "untimely" (i.e., that an initial psychiatric examination should have been scheduled sooner).

First, this offering overlooks completely the fact that Plaintiff's initial psychiatric examination was scheduled to have taken place on January 14, 2019, but that Plaintiff refused it. See COSB00119, Plaintiff's sick call log, stating that "Psych Eval Refused" by Plaintiff on that date. See attached supporting Declaration of Mark L. Kiefer In Support of Reply, Exhibit "A" thereto, Deposition of Dr. Hafizullah Aziz, Exhibit #47).

Second, Plaintiff's argument could begin to make some sense if Kirkendall were a psychiatrist, and if, as a psychiatrist, she had the responsibility for seeing Plaintiff for a psychiatric evaluation before January 20, 2019. However, as Plaintiff agrees in his Opposition, Kirkendall "is a licensed clinical social worker, 'LCSW'" (Plaintiff's Opposition, Doc. 61, filed 10/15/24, page 1, line 1. Not only was Kirkendall a licensed clinical social worker and not a psychiatrist, and not only was she was not seeing Plaintiff on January 21, 2019 to conduct a psychiatric examination, but also she was conducting "'a 7 day follow up' after release by others from suicide watch" (Moving Parties' **unrefuted** SUF No.7). No one has controverted that per County Policy/Procedure Plaintiff was required to be seen by a Liberty mental health clinician on the seventh day (January 21, 2019) following

TYSON & MENDES, LLP
515 S. FLOWER ST., 18TH FLOOR
LOS ANGELES, CA 90071
(213) 745-8600 (213) 745-8604 Fax

-5-

his release from suicide watch seven days earlier (January 14, 2019).  The math checks out, and Kirkendall's own documentation (COSB00517) shows that she was performing a "Suicide Follow-up" and that "CMH met with IM for a 7 day follow up."

**4.     The References Cited By Plaintiff do not Raise Triable Issues as to Azizi**

Plaintiff does reference the "Azizi transcript 71:21:25; 84:8-25; 85:1-25)" as "Relevant Facts Regarding Defendant HAFIZULLAH AZIZI."  There, Dr. Azizi states that he anticipated Plaintiff would be seen by a psychiatrist in  follow up. However, Plaintiff fails to remember that Dr. Azizi's only role was to see Plaintiff on January 28, 2019 on an emergent basis because the day before, January 27, 2019, Plaintiff "was reportedly banging his head" (Moving Parties' **unrefuted** SUF No.15).  Further, Plaintiff fails to include further testimony from Dr. Azizi that Dr. Azizi was not assigned to be the psychiatrist to see Plaintiff in follow-up care (See Deposition of Dr. Hafizullah Azizi, Exhibit "B" to the Declaration of Mark L. Kiefer In Support of Reply. Page 103, line 20 to page 104, line 2).  Also, this offering overlooks completely the fact that Plaintiff's initial (non-emergent) psychiatric examination had been rescheduled to February 4, 2019 (7 days later). See attached supporting Declaration of Mark L. Kiefer In Support of Reply, Exhibit "A" thereto, Deposition of Dr. Hafizullah Azizi, Exhibit #47, COSB00119).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

TYSON & MENDES, LLP
515 S. FLOWER ST., 18TH FLOOR
LOS ANGELES, CA 90071
(213) 745-8600 (213) 745-8604 FAX

**5.**     **Arguments Raised by Plaintiff Pertain, if at all, to Non-Defendants**

At its best, Plaintiff's flawed Opposition to the MSJ/MSA by Kirkendall and Azizi might be read to suggest that **someone** did **something** wrong in a mental health assessment other than Ely Kirkendall's January 21, 2019 7-day post-release from suicide watch assessment and other than Dr. Hafizullah's January 28, 2019 emergent assessment for Plaintiff banging his head. But Plaintiff has not sued any other mental health providers other than these two, and had not sued any mental health entity. As to Kirkendall and Azizi, their MSJ/MSA sets forth unrefuted UFs sufficient for a finding by this Court that **they** are entitled to relief.

Dated: October 21, 2024

TYSON & MENDES, LLP

By: _____

MARK L. KIEFER, ESQ
Attorneys for Defendants,
ELY KIRKENDALL and
HAFIZULLAH AZIZI MD

## PROOF OF SERVICE

I, the undersigned, declare that I am at least 18 years old and not a party to the above-entitled cause.

On October 21, 2024, I caused to be served the following document(s):

**DEFENDANTS ELY KIRKENDALL AND HAFIZULLAH AZIZI, MD'S REPLY TO THE PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

on the interested parties in this action through the following service method:

*(See attached "Service List" for list of recipients)*

☒ **BY ELECTRONIC SERVICE**: I caused a copy of the document(s) to be sent

☒ from the email address ainzunza@tysonmendes.com to the persons at the email addresses listed in the Service List. This electronic service is sent to the email addresses obtained in compliance with the Federal Rules of Civil Procedure Rule 5(b). No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. As such, service has been completed only by emailing the document(s) to the person(s) at the email address(es) listed in the Service List. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission of the document(s).

☐ by electronic filing and service using the CM/ECF System in accordance with F.R.C.P.5(b)(2)(E) and Civil Local Rule 5.4. I electronically filed the above-listed documents by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 21, 2024, at Los Angeles, California.

_____
Alma Inzunza

TYSON & MENDES, LLP
515 S. FLOWER ST., 18TH FLOOR
LOS ANGELES, CA 90071
(213) 745-8600 (213) 745-8604 Fax

-1-

# SERVICE LIST

## *William Schell Morton v. County of San Bernardino, et al.*

United States District Court Central District, Case No.: 5:21-cv-00052-JGB (SHKx)

| | |
|---|---|
| Sharon J. Brunner<br>Law Offices of Sharon J. Brunner<br>14393 Park Avenue, Suite 100<br>Victorville, CA 92392<br>Tel: (760) 243-9997<br>E-Mail: sharonjbrunner@yahoo.com | Attorneys for Plaintiff,<br>WILLIAM SCHELL MORTON |
| James S. Terrell, Esq.<br>Law Offices of James Terrell<br>15411 Anacapa Road  Victorville, CA 92392  Telephone : 760-561-2699<br>Facsimile: 760-952-1085<br>E-Mail: jim@talktoterrell.com | Attorneys for Plaintiff,<br>WILLIAM SCHELL MORTON |
| Daniel S. Roberts, Esq.<br>Jeremiah Johnson, Esq.<br>Nicole Rene Roggenveen<br>Cole Huber, LLP<br>2855 E. Guasti Road, Suite 402<br>Ontario, CA 91761<br>Telephone: 909-230-4209<br>Facsimile:  909-937-2034<br>E-Mail: droberts@colehuber.com<br>Jjohnson@colehuber.com<br>dlenz@colehuber.com | Attorney for Defendant,<br>SAN BERNARDINO COUNTY,<br>DEPUTY JARRED KABLUYEN,<br>DEPUTY KAYLA PETERS, REMUS DILIG, and EMILY NEWTON |

TYSON & MENDES, LLP<br>515 S. FLOWER ST., 18TH FLOOR<br>LOS ANGELES, CA 90071<br>(213) 745-8600 (213) 745-8604 FAX