DANIEL S. ROBERTS, Bar No. 205535
droberts@colehuber.com
NICOLE R. ROGGEVEEN, Bar No. 252587
nroggeveen@colehuber.com
JEREMIAH D. JOHNSON, Bar No. 293200
jjohnson@colehuber.com
COLE HUBER LLP
2855 E. Guasti Rd., Suite 402
Ontario, California 91761
Telephone:   (909) 230-4209
Facsimile:   (909) 937-2034

Attorneys for Defendants San Bernardino, County, Deputy Jarred Kabluyen, Deputy Kayla Peters, Remus Dilig (erroneously sued as Dilig Remus), and Emily Newton

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SCHELL MORTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN BERNARDINO; DEPUTY KABLUYEN; DEPUTY PETERS; SERGEANT JIM EVANS; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 5:21-cv-0052-JGB (SHKx)<br>Hon. Jesus G. Bernal<br><br>**OBJECTIONS TO PLAINTIFF'S EVIDENCE OFFERED IN OPPOSITION TO COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Filed concurrently herewith:<br><br>(1)　Reply in Support of County Defendants' Motion for Summary Judgment;<br><br>(2)　Response to Pl's Sep. Stmt. of Undisputed Fact<br><br><br>Date:　November 4, 2024<br>Time:　10:00 a.m.<br>Crtrm.　Riverside, Courtroom 1 |

4857-6183-0641.3

# EVIDENTIARY OBJECTIONS

Defendants San Bernardino County, Deputy Jarred Kabluyen, Deputy Kayla Peters, Remus Dilig and Emily Newton ("County Defendants") respectfully object to certain pieces of evidence offered by Plaintiff in support of his Opposition to County Defendants' Motion for Summary Judgment. The County Defendants only object to those objectionable pieces of evidence Plaintiff presented against County Defendants' motion.

## Declaration of Sharon Brunner

In general, County Defendants object to Plaintiff's counsel's testimony to facts of which she has no personal knowledge. See Fed. R. Evid. 602. To the extent counsel offers testimony of what occurred in other cases, based on her involvement in other civil rights actions (Brunner Decl. at ¶ 10), counsel may not testify to the contents of such cases which have not been produced in discovery, are not relevant, and are inadmissible hearsay. See Fed. R. Evid. 402, 802, and Fed. R. Civ. Pro. 37(c)(1). The specific testimony objected to, and the bases therefore is as follows:

| Obj. No. | Evidence Objected To: | Objection(s): |
|---|---|---|
| 1 | ¶ 10: "I am aware through my involvement in other civil rights actions that San Bernardino County has an Unconstitutional Custom and Practice with regarding to training arresting deputies to participate as required by County Policy to provide information when booking an arrestee. Based on County policy arresting deputies are required to answer questions and sign a form or a kiosk attesting to the information | Lacks foundation/personal knowledge. Fed R. Evid. 602; Hearsay. Fed. R. Evid. 802; Lacks authentication and identification. Fed. |

| | | |
|---|---|---|
| | provided to the Intake Nurse at Booking. There has been a longstanding custom and practice of not training arresting deputies concerning the importance of this process. I am providing a listing of cases and brief facts illustrating my contention." | R. Evid. 901; Information not produced during discovery. Fed. R. Civ. Pro. 37(c)(1). |
| 2 | ¶ 11: "**Jono Liebrenz v. County of San Bernardino, and DOES 1-10, 5:19-cv-1245:** This case involved Jono Liebrenz who was the brother of decedent, David Liebrenz ("Mr. Liebrenz"), who died on April 29, 2018, at the age of 30, while in custody at a San Bernardino County jail, Morongo Basin Jail/Joshua Tree ("MBJ"). The facts of that case are that on April 21, 2018, Mr. Liebrenz was arrested and detained at the property of a close friend, Ms. Wysoki who owned the property. Mr. Liebrenz was residing on Ms. Wysoki's property in a trailer. Ms. Wysoki by profession is a Nurse Practitioner. During the detention and arrest Ms. Wysoki informed law enforcement of her medical expertise and her occupation and further advised the arresting deputies that Mr. Liebrenz required close monitoring as he was possibly detoxing from drug use (heroin) and needed to be placed on suicide watch due his own depression and a family history of suicide. Ms. Wysoki indicated that Mr. Liebrenz needed to be on suicide watch given his personal | Lacks foundation/personal knowledge. Fed R. Evid. 602; Hearsay. Fed. R. Evid. 802; Lacks authentication and identification. Fed. R. Evid. 901; Information not produced during discovery. Fed. R. Civ. Pro. 37(c)(1). |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| | | | |
|---|---|---|---|
| | | history as Mr. Liebrenz' parents both had committed suicide. The conversation lasted approximately 20 minutes as Ms. Wysoki wanted to be sure that this life-saving information was written down by the deputies with the intention that the jail would be notified of these critical issues concerning the medical and mental health of Mr. Liebrenz. The arresting deputy failed to report this information to the intake deputy at the MBJ. Mr. Liebrenz was not medically suited for a Level 1 jail which does not possess 24-hour medical on site. Mr. Liebrenz was not placed on suicide watch and committed suicide on April 29, 2018. The County of San Bernardino deputy did not process/document the third-party information and did not relay that third party information which was consistent with the County's proclamation that it has no express policy for doing so which clearly led to the untimely death of Mr. Liebrenz." | |
| | 3 | ¶ 12: "**Cynthia Ames v. County of San Bernardino and DOES 1-10, 5:18-cv-01362-SJO-FFM:** Henry Simmons ("Mr. Simmons") was the son of Cynthia Ames. Mr. Simmons suffered from a drug addiction which started when he was hit by a car and developed a dependency on prescription medication. On September 29, 2017, Mr. Simmons was found near a local hospital acting bizarre and a | Lacks foundation/personal knowledge. Fed R. Evid. 602; Hearsay. Fed. R. Evid. 802; Lacks authentication and identification. Fed. |

| | | |
|---|---|---|
| | call was made to law enforcement. During the encounter a deputy believed that Mr. Simmons was under the influence of an illegal substance and instead of taking Mr. Simmons to a hospital he first took Mr. Simmons to his mother's home. After the deputy arrived at the home of Mr. Simmons, Mr. Simmons was unable to walk without the deputy's assistance and was shirtless and shoeless. Upon seeing her son, Cynthia Ames and her daughter both told the deputy to take her son to the hospital immediately as they had never seen him look so bad. Cynthia Ames believed that the deputy would take her son to the hospital because she expressed that she was deeply concerned about his condition and had never seen her son look so gravely ill. Instead of bringing Mr. Simmons to the hospital the deputy took Mr. Simmons to a Level 1 Jail with no medical care on site. The deputy who arrested Mr. Simmons was aware that Mr. Simmons was under the influence of illegal drugs yet failed to notify the intake deputy of this information. The deputy also failed to tell the intake deputy that the family members had never seen Mr. Simmons look so bad (referring to his overall condition) and that they believed he needed to be taken to the hospital immediately. There was no one who knew Mr. Simmons better than his mother and sister and their concerns and vital information they | R. Evid. 901; Information not produced during discovery. Fed. R. Civ. Pro. 37(c)(1). |

| | | |
|---|---|---|
| | conveyed to the arresting deputy was ignored and not communicated to jail staff. Mr. Simmons was not placed in a sobering cell at the Level 1 jail. Mr. Simmons was not transported to a Level II jail where medical personnel were present, and Mr. Simmons was not taken to a hospital for a pre-jail check to assure his fitness for jail. Mr. Simmons died within hours of being arrested and placed in the MBJ. Again, San Bernardino County has failed to implement a policy to ensure that third party information obtained from family member or third parties is communicated to the jail or medical staff. An expert of these matters opined that Mr. Simmons could have been saved if he was taken to a hospital." | |
| 4 | ¶ 13: "**Tammy Shidler and Gary Shidler v. County of San Bernardino: Ryan Arthurton; Wayne Greer; Bill Savage; Ronald Dunbar; Brooke Flores; Michelle Hayes; Craig Hell; Jacob Tiel; Steve Wilson and DOE 10 5:19-cv-00503-AB (SHKx):** Joshua Pitts ("Mr. Pitts) died at the MBJ on March 27, 2018 at the age of 28, by taking his own life by hanging himself in his cell after being taken off suicide watch. Mr. Pitts was arrested on March 20, 2018, and suffered from Attention-Deficit/Hyperactivity Disorder ("ADHD") bipolar disorder and paranoia. Law enforcement was familiar | Lacks foundation/personal knowledge. Fed R. Evid. 602; Hearsay. Fed. R. Evid. 802; Lacks authentication and identification. Fed. R. Evid. 901; Information not produced during discovery. Fed. R. |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | with Mr. Pitts' struggles and mental health disorders as they had contact with Mr. Pitts and his family on prior occasions prior to March 20, 2018. When Mr. Pitts was arrested, he told the arresting deputies that he wanted to kill himself. Mr. Pitts family members informed the Defendants that Mr. Pitts needed to be monitored carefully as he was suicidal. Despite these medical needs and the suicidal ideation of Mr. Pitts he was left at Level I jail for significant periods of time over his seven-day incarceration with no medical or mental health staff present. Over the course of the incarceration Mr. Pitts condition worsened. On March 27, 2018, the day of Mr. Pitts death a family member visited Mr. Pitts at the MBJ (Level 1 Jail) and expressed concerns to the deputies at the jail about Mr. Pitts. The family member informed the MBJ staff that Mr. Pitts was acting delusional, acting erratic, and required continuous monitoring. MBJ staff did not act on the information consistent with the custom and practice of San Bernardino County to not convey/relay/communicate information from a third party or family member about an inmate. Mr. Pitts was not closely monitored; he was not transported back to a Level II jail such as West Valley Detention Center; nor was he placed back on suicide watch. The third-party information was simply ignored, and Mr. Pitts died." | Civ. Pro. 37(c)(1). |

| | | |
|---|---|---|
| 5 | ¶ 14: "**Maria Stofflet, v. County of San Bernardino; 5:18-cv-00279-PSG-kk:** Betty Lozano ("Ms. Lozano") was a 34-year-old beautiful mother of two young children when she died at the HDDC on July 26, 2017. A lawsuit was brought by her mother and her two young children through their Guardian Ad Litem. Ms. Lozano was arrested in the afternoon on July 26, 2017, based on the suspicion of being under the influence. Ms. Lozano was found to be partially naked and engaging in bizarre behavior such as eating raw meat at the time of her arrest. Ms. Lozano was transported to HDDC and had to be brought in via a wheelchair with her feet being dragged on the pavement. Ms. Lozano was brought into the jail facility in a semi-conscious condition. Ms. Lozano was not provided with medical care, nor was she immediately screened by a nurse to evaluate her overall fitness for incarceration. Ms. Lozano was in no condition to answer important medical and mental health questions at intake. It is also believed that information learned in the field by the arresting deputy was not reported to the jail intake nurse. Because of all these failures, Ms. Lozano was booked and placed in the jail where she died at 8:50 p.m. on the same day she was arrested. The believed failure of the arresting deputy in not communicating vital | Lacks foundation/personal knowledge. Fed R. Evid. 602; Hearsay. Fed. R. Evid. 802; Lacks authentication and identification. Fed. R. Evid. 901; Information not produced during discovery. Fed. R. Civ. Pro. 37(c)(1). |

| | |
|---|---|
| information obtained from third parties with the intake nurse is similar to the other deaths outlined." | |

Dated: October 21, 2024       COLE HUBER LLP

By: /s/ Daniel S. Roberts
 Daniel S. Roberts
 Nicole R. Roggeveen
 Jeremiah D. Johnson
 Attorneys for Defendants San Bernardino, County, Deputy Jarred Kabluyen, Deputy Kayla Peters, Remus Dilig (erroneously sued as Dilig Remus), and Emily Newton

4857-6183-0641.3

9

COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE OFFERED IN OPPOSITION