DANIEL S. ROBERTS, Bar No. 205535
droberts@colehuber.com
NICOLE R. ROGGEVEEN, Bar No. 252587
nroggeveen@colehuber.com
JEREMIAH D. JOHNSON, Bar No. 293200
jjohnson@colehuber.com
COLE HUBER LLP
2855 E. Guasti Rd., Suite 402
Ontario, California 91761
Telephone:   (909) 230-4209
Facsimile:   (909) 937-2034

Attorneys for Defendants San Bernardino,
County, Deputy Jarred Kabluyen, Deputy
Kayla Peters, Remus Dilig (erroneously
sued as Dilig Remus), and Emily Newton

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SCHELL MORTON,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO;<br>DEPUTY KABLUYEN;<br>DEPUTY PETERS;<br>SERGEANT JIM EVANS; and<br>DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:21-cv-0052-JGB (SHKx)<br>Hon. Jesus G. Bernal<br><br>**COUNTY DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**<br><br>[Filed concurrently herewith:<br><br>(1)   Reply in Support of County Defendants' Motion for Summary Judgment;<br><br>(2)   Objections to Pl's Evidence.]<br><br>Date:   November 4, 2024<br>Time:   9:00 a.m.<br>Crtrm.   Riverside, Courtroom 1 |

Pursuant to Local Rule 56-3, Defendants hereby respectfully submit the following Responses to Plaintiff's Statement of Genuine Disputes.

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 1 | On January 11, 2019, Deputy Kabluyen responded to Plaintiff's residence for a call for service, and acted as back up for Deputy Peters.<br><br>EVIDENCE: Exhibit A - Kabluyen Deposition at 35:3-5. (Johnson Dec. ¶3, ¶15) | Undisputed. |
| 2 | After Plaintiff was arrested and placed into Deputy Peters' vehicle, Deputy Kabluyen left the scene and had no further contact with Plaintiff after leaving the scene on January 11, 2019.<br><br>EVIDENCE: Exhibit A - Kabluyen Deposition at 33:23-34:2, 34:20-22. (Johnson Dec. ¶3, ¶15) | Undisputed. |

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 3 | Plaintiff had no injuries from his interaction with Deputy Kabluyen.<br><br>EVIDENCE: Exhibit B – Morton Deposition Vol. II at 175:4-176:22, 178:1-21, 184:16-25. (Johnson Dec. ¶4, ¶15) | Undisputed. |
| 4 | Deputy Kabluyen was not present when Plaintiff was booked into the High Desert Detention Center (HDDC) on January 11, 2019.<br><br>EVIDENCE: Exhibit A - Kabluyen Deposition at 33:23-34:2, 34:20-22.(Johnson Dec. ¶3, ¶15)<br><br>Exhibit J – Receiving Screening. (Johnson Dec. ¶12, ¶15) | Undisputed. |
| 5 | Deputy Kabluyen had no control or influence over the conditions of Plaintiff's confinement while Plaintiff was at HDDC. | Undisputed. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | EVIDENCE: Exhibit A - Kabluyen Deposition at 33:23-34:2, 34:20-22. (Johnson Dec. ¶3, ¶15) | |
| 6 | Deputy Kabluyen had no control or influence over Plaintiff's transfer from the HDDC to the West Valley Detention Center (WVDC) on January 11, 2019.

EVIDENCE: Exhibit A - Kabluyen Deposition at 33:23-34:2, 34:20-22. (Johnson Dec. ¶3, ¶15)

Exhibit H – Transfer Report at "ASSIGNMENT/ARRIVAL". (Johnson Dec. ¶10, ¶15) | Undisputed. |
| 7 | Deputy Kabluyen had no control or influence over the conditions of Plaintiff's confinement while Plaintiff was at WVDC. | Undisputed. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | EVIDENCE: Exhibit A - Kabluyen Deposition at 33:23-34:2, 34:20-22. (Johnson Dec. ¶3, ¶15)<br><br>Exhibit H – Transfer Report at "ASSIGNMENT/ARRIVAL". (Johnson Dec. ¶10, ¶15) | |
| 8 | Deputy Kabluyen was not present when Plaintiff removed his own eye on February 7, 2019.<br><br>EVIDENCE: Exhibit A - Kabluyen Deposition at 33:23-34:2, 34:20-22. (Johnson Dec. ¶3, ¶15)<br><br>Exhibit B – Morton Deposition Vol. II at 175:4-176:22, 178:1-21, 184:16-25. (Johnson Dec. ¶4, ¶15) | Undisputed. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 9 | Deputy Kabluyen had no way of knowing Plaintiff was going to remove his own eye on February 7, 2019.<br><br>EVIDENCE: Exhibit A - Kabluyen Deposition at 33:23-34:2, 34:20-22. (Johnson Dec. ¶3, ¶15)<br><br>Exhibit B – Morton Deposition Vol. II at 175:4-176:22, 178:1-21, 184:16-25. (Johnson Dec. ¶4, ¶15)<br><br>Exhibit C – Morton Deposition Vol. III at 14:15-15:20, 58:12-59:21, 60:23-1, 69:8-16. (Johnson Dec. ¶5, ¶15) | Undisputed. |
| 10 | On January 11, 2019, Deputy Peters responded to Plaintiff's residence for a call for service, and placed him under arrest. | Undisputed. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | EVIDENCE: Exhibit D – Peters Deposition at 32:4-10, 49:1-4, 55:5-11. (Johnson Dec. ¶6, ¶15) | |
| 11 | Deputy Peters booked Plaintiff into the HDDC on January 11, 2019 at approximately 1:54 a.m.<br><br>EVIDENCE: Exhibit D – Peters Deposition at 32:4-10, 49:1-4, 55:5-11. (Johnson Dec. ¶6, ¶15)<br><br>Exhibit J – Receiving Screening. (Johnson Dec. ¶12, ¶15) | Disputed. |

11.    County Defendants' Response:

Plaintiff fails to provide any basis for their dispute. Therefore, the fact should be considered undisputed pursuant to Rule 56(e)(2).

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.'s SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 12 | Deputy Peters had no contact with Plaintiff after booking him into the HDDC on January 11, 2019.<br><br>EVIDENCE: Exhibit D – Peters Deposition at 32:4-10, 49:1-4, 55:5-11. (Johnson Dec. ¶6, ¶15) | Undisputed. |
| 13 | Plaintiff had no injuries from his interaction with Deputy Peters.<br><br>EVIDENCE: Exhibit B – Morton Deposition Vol. II at 175:19-176:22, 178:1-4, 184:16-185:4. (Johnson Dec. ¶6, ¶15) | Undisputed. |
| 14 | Deputy Peters had no control or influence over the conditions of Plaintiff's confinement while Plaintiff was at HDDC.<br><br>EVIDENCE: Exhibit D – Peters Deposition at 32:4-10, 49:1-4, 55:5-11. (Johnson Dec. ¶6, ¶15) | Disputed.<br><br>EVIDENCE: Exhibit 2 of Declaration of Sharon J. Brunner at 57:16-25 Deputy Peters did not complete the receiving screening form. Exhibit 3 of Declaration of Sharon J. Brunner at 57:16-25 |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | 14.    County Defendants' Response:<br><br>The materials cited by Plaintiff do not create a dispute because none of the cited materials show that Deputy Peters had any influence or control over the conditions of Plaintiff's confinement while at HDDC. Further, Plaintiff fails to create a dispute because he concedes that Deputy Peters had no influence or control over HDDC transferring him to WVDC later that morning, or over the conditions of his confinement while at WVDC. See SUF 15 and 16. Therefore, the fact should be considered undisputed pursuant to Rule 56(e)(2). | |
| 15 | Deputy Peters had no control or influence over Plaintiff's transfer from the HDDC to the WVDC on January 11, 2019.<br><br>EVIDENCE: Exhibit D – Peters Deposition at 32:4-10, 49:1-4, 55:5-11. (Johnson Dec. ¶6, ¶15)<br><br>Exhibit H – Transfer Report at "ASSIGNMENT/ARRIVAL". (Johnson Dec. ¶10, ¶15) | Undisputed. |

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 16 | Deputy Peters had no control or influence over the conditions of Plaintiff's confinement while Plaintiff was at WVDC.<br><br>EVIDENCE: Exhibit D – Peters Deposition at 32:4-10, 49:1-4, 55:5-11. (Johnson Dec. ¶6, ¶15)<br><br>Exhibit H – Transfer Report at "ASSIGNMENT/ARRIVAL". (Johnson Dec. ¶10, ¶15) | Undisputed. |
| 17 | Deputy Peters was not present when Plaintiff removed his own eye on February 7, 2019.<br><br>EVIDENCE: Exhibit B – Morton Deposition Vol. II at 175:4-176:22, 178:1-21, 184:16-25. (Johnson Dec. ¶4, ¶15)<br><br>Exhibit C – Morton Deposition Vol. III at 14:15-15:20, 58:12- | Undisputed. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
|  | 59:21, 60:23-1, 69:8-16. (Johnson Dec. ¶5, ¶15)) |  |
| 18 | Deputy Peters had no way of knowing Plaintiff would remove his own eye on February 7, 2019.<br><br>EVIDENCE: Exhibit B – Morton Deposition Vol. II at 175:4-176:22, 178:1-21, 184:16-25. (Johnson Dec. ¶4, ¶15)<br><br>Exhibit C – Morton Deposition Vol. III at 14:15-15:20, 58:12-59:21, 60:23-1, 69:8-16. (Johnson Dec. ¶5, ¶15) | Undisputed. |
| 19 | On January 13, 2019, Nurse Remus was working as a registered nurse at the WVDC. SUF No. 19.<br><br>EVIDENCE: Exhibit E – Remus Deposition at 40:2-10, 44:1-6, 44:14-20. (Johnson Dec. ¶7, ¶15) | Undisputed. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 20 | On January 13, 2019, Nurse Remus saw Plaintiff because he attempted to attack another inmate at the WVDC.<br><br>EVIDENCE: Exhibit B – Morton Deposition Vol. II at 192:5-17. (Johnson Dec. ¶4, ¶15)<br><br>Exhibit I – Remus Assessment of Plaintiff at COSB01805 under "Notes". (Johnson Dec. ¶11, ¶15)<br><br>Exhibit E – Remus Deposition at 40:20-41:1-3. (Johnson Dec. ¶7, ¶15) | Undisputed. |
| 21 | After the attempted attack Plaintiff told Nurse Remus that he was homicidal and not suicidal.<br><br>EVIDENCE: Exhibit I – Remus Assessment of Plaintiff at | Undisputed. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
|  | COSB01805 under "Notes". (Johnson Dec. ¶11, ¶15)<br><br>Exhibit E – Remus Deposition at 22:22-23:14, 40:20-41:1-3, 44:14-20, 52:2-6. (Johnson Dec. ¶7, ¶15) |  |
| 22 | Plaintiff expressly denied being suicidal.<br><br>EVIDENCE: Exhibit I – Remus Assessment of Plaintiff at COSB01805 under "Notes". (Johnson Dec. ¶11, ¶15)<br><br>Exhibit E – Remus Deposition at 40:20-41:1-3, 44:14-20, 52:2-6. (Johnson Dec. ¶7, ¶15)<br><br>Exhibit G – Metzner Deposition at 166:23-167:3. (Johnson Dec. ¶9, ¶15) | Undisputed. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

4888-5034-2386.3

12

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 23 | Inmates who are "homicidal" at WVDC are placed on suicide watch for their safety and the safety of the other inmates.<br><br>EVIDENCE: Exhibit E – Remus Deposition at 40:11-14. (Johnson Dec. ¶7, ¶15)<br><br>Exhibit F – Newton Deposition at 41:15-20. (Johnson Dec. ¶8, ¶15)<br><br>Exhibit I – Remus Assessment of Plaintiff at COSB00583 under "Comments". (Johnson Dec. ¶11, ¶15) | Undisputed. |
| 24 | On January 13, 2019, Nurse Remus placed Plaintiff on suicide watch for being homicidal.<br><br>EVIDENCE: Exhibit E – Remus Deposition at 40:11-14. (Johnson Dec. ¶7, ¶15) | Undisputed. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | Exhibit I – Remus Assessment of Plaintiff at COSB00583 under "Comments" and COSB01805 under "Notes". (Johnson Dec. ¶11, ¶15) | |
| 25 | On January 13, 2019, Nurse Remus referred Plaintiff to mental health staff for evaluation.<br><br>EVIDENCE: Exhibit E – Remus Deposition at 41:9-18. (Johnson Dec. ¶7, ¶15)<br><br>Exhibit I – Remus Assessment of Plaintiff at COSB00583 under "Classification Notification" and COSB01805 under "Notes". (Johnson Dec. ¶11, ¶15) | Undisputed. |
| 26 | Nurse Remus had no interactions with Plaintiff after January 13, 2019. | Undisputed. |

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | EVIDENCE: Exhibit E – Remus Deposition at  62:11-63:5. (Johnson Dec. ¶7, ¶15) | |
| 27 | Nurse Remus had no control or influence over the conditions of Plaintiff's confinement while Plaintiff was at WVDC after January 13, 2019.<br><br>EVIDENCE: Exhibit E – Remus Deposition at  40:2-10, 44:1-6, 44:14-20, 62:11-63:5. (Johnson Dec. ¶7, ¶15) | Disputed.<br>Remus did not believe he could make a psychological appointment. Deposition of Remus Dilig 29:2-25; 30:1-25 Exhibit 4 of the Declaration of Sharon J. Brunner |

27. County Defendants' Response:

The materials cited by Plaintiff do not create a dispute because none of the cited materials show that Nurse Remus had any influence or control over the conditions of Plaintiff's confinement while at WVDC **after January 13, 2019**. Further, Plaintiff fails to create a dispute because he concedes that Nurse Remus had no interactions with Plaintiff **after January 13, 2019**, that Nurse Remus was not present when Plaintiff injured himself, and the Nurse Remus had no way of knowing that Plaintiff would remove his own eye on February 7, 2019. See SUF

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | No. 26-29. Therefore, the fact should be considered undisputed pursuant to Rule 56(e)(2). | |
| 28 | Nurse Remus was not present when Plaintiff removed his own eye on February 7, 2019.<br><br>EVIDENCE: Exhibit B – Morton Deposition Vol. II at 175:4-176:22, 178:1-21, 184:16-25. (Johnson Dec. ¶4, ¶15)<br><br>Exhibit C – Morton Deposition Vol. III at 14:15-15:20, 58:12-59:21, 60:23-1, 69:8-16. (Johnson Dec. ¶5, ¶15)<br><br>Exhibit E – Remus Deposition at 62:11-63:5. (Johnson Dec. ¶7, ¶15) | Undisputed. |
| 29 | Nurse Remus had no way of knowing Plaintiff would remove his own eye on February 7, 2019. | Undisputed. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | EVIDENCE: Exhibit B – Morton Deposition Vol. II at 175:4-176:22, 178:1-21, 184:16-25. (Johnson Dec. ¶4, ¶15)<br><br>Exhibit C – Morton Deposition Vol. III at 14:15-15:20, 58:12-59:21, 60:23-1, 69:8-16. (Johnson Dec. ¶5, ¶15)<br><br>Exhibit E – Remus Deposition at 62:11-63:5. (Johnson Dec. ¶7, ¶15) | |
| 30 | Nurse Newton saw Plaintiff on 2/3/2019 at 10:30 a.m. and Plaintiff told her "good morning I'm doing ok".<br><br>EVIDENCE: Exhibit K – 2/3/2019 – 2/7/2019 Plaintiff Cell Log Notes at COSB00378 under "Comment/Disposition". (Johnson Dec. ¶13, ¶15) | No Response.<br><br>Therefore, this should be considered undisputed under Rule 56(e)(2). |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 31 | Between 10:30 a.m. on 2/3/2019 and 2:46 a.m. on 2/7/2019 Plaintiff was seen approximately 20 times by numerous different nurses, none of which were Nurse Newton.<br><br>EVIDENCE: Exhibit K – 2/3/2019 – 2/7/2019 Plaintiff Cell Log Notes see COSB00288-COSB00378. (Johnson Dec. ¶13, ¶15) | Undisputed. |
| 32 | Between 10:30 a.m. on 2/3/2019 and 2:46 a.m. on 2/7/2019, Plaintiff gave no indication that he was going to injure his eye. SUF No. 35.<br><br>EVIDENCE: Exhibit K – 2/3/2019 – 2/7/2019 Plaintiff Cell Log Notes see COSB00288-COSB00378. (Johnson Dec. ¶13, ¶15) | Undisputed. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 33 | On February 7, 2019, Plaintiff removed his own eye at approximately 6:30 a.m. and was immediately taken to the emergency room.<br><br>EVIDENCE: Exhibit K – 2/3/2019 – 2/7/2019 Plaintiff Cell Log Notes at COSB00280 under "Comment/Disposition". (Johnson Dec. ¶13, ¶15)<br><br>Exhibit F – Newton Deposition at 14:19-23. (Johnson Dec. ¶8, ¶15) | Undisputed. |
| 34 | Nurse Newton's did not start her shift on February 7, 2019 until 7:30 a.m., and was not present when Plaintiff removed his eye.<br><br>EVIDENCE: Exhibit B – Morton Deposition Vol. II at 175:4-176:22, 178:1-21, 184:16-25. | Undisputed. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | Exhibit C – Morton Deposition Vol. III at 14:15-15:20, 58:12-59:21, 60:23-1, 69:8-16.<br><br>Exhibit F – Newton Deposition at 14:19-23.<br><br>Exhibit K – 2/3/2019 – 2/7/2019 Plaintiff Cell Log Notes at COSB00288-COSB00290. | |
| 35 | Nurse Newton had no way of knowing Plaintiff was going to remove his eye.<br><br>EVIDENCE: Exhibit B – Morton Deposition Vol. II at 175:4-176:22, 178:1-21, 184:16-25. (Johnson Dec. ¶4, ¶15)<br><br>Exhibit C – Morton Deposition Vol. III at 14:15-15:20, 58:12-59:21, 60:23-1, 69:8-16. (Johnson Dec. ¶5, ¶15) | Undisputed. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | Exhibit F – Newton Deposition at 14:19-23. (Johnson Dec. ¶8, ¶15)<br><br>See SUF No. 30.<br><br>See SUF No. 31. | |
| 36 | Plaintiff was not suicidal on January 11, 2019 and had no intention to harm himself.<br><br>EVIDENCE: Exhibit B – Morton Deposition Vol. II at 157:24-156:1, 156:5-8, 156:15-24. (Johnson Dec. ¶4, ¶15) | Undisputed. |
| 37 | Plaintiff testified he has not tried to commit suicide since he was released from Canyon Ridge on January 4, 2019. | Undisputed. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | EVIDENCE: Exhibit B – Morton Deposition Vol. II at 106:20-24. (Johnson Dec. ¶4, ¶15) | |
| 38 | Plaintiff was aware that jail staff was checking on him every 15 minutes.<br><br>EVIDENCE: Exhibit B – Morton Deposition Vol. II at 175:4-176:22, 178:1-21, 184:16-25. (Johnson Dec. ¶4, ¶15)<br><br>Exhibit C – Morton Deposition Vol. III at 14:15-15:20, 58:12-59:21, 60:23-1, 69:8-16. (Johnson Dec. ¶5, ¶15) | Undisputed. |
| 39 | Plaintiff removed his eye in between the 15 minute checks.<br><br>EVIDENCE: Exhibit B – Morton Deposition Vol. II at 175:4-176:22, | Undisputed. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | 178:1-21, 184:16-25. (Johnson Dec. ¶4, ¶15)<br><br>Exhibit C – Morton Deposition Vol. III at 14:15-15:20, 58:12-59:21, 60:23-1, 69:8-16. (Johnson Dec. 5, ¶15) | |
| 40 | Plaintiff removed his eye because the voices in his head told him to remove his eye for eating a cookie.<br><br>EVIDENCE: Exhibit B – Morton Deposition Vol. II at 175:4-176:22, 178:1-21, 184:16-25. (Johnson Dec. ¶4, ¶15)<br><br>Exhibit C – Morton Deposition Vol. III at 14:15-15:20, 58:12-59:21, 60:23-1, 69:8-16. (Johnson Dec. ¶5, ¶15) | Undisputed. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 41 | Plaintiff did not tell anyone the voices were telling him to hurt himself and he removed his eye in the spur of the moment.<br><br>EVIDENCE: Exhibit B – Morton Deposition Vol. II at 175:4-176:22, 178:1-21, 184:16-25. (Johnson Dec. ¶4, ¶15)<br><br>Exhibit C – Morton Deposition Vol. III at 14:15-15:20, 58:12-59:21, 60:23-1, 69:8-16. (Johnson Dec. ¶5, ¶15) | Undisputed. |
| 42 | Plaintiff had been taken to the hospital several times before he removed his eye on February 7, 2019.<br><br>EVIDENCE: Exhibit B – Morton Deposition Vol. II at 203:15-25. (Johnson Dec. ¶4, ¶15) | Undisputed. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | Exhibit G – Metzner Deposition at 188:7-10. (Johnson Dec. ¶9, ¶15) | |
| 43 | Plaintiff never told the doctors at the hospital that he needed treatment because the voices in his head told him not stay quiet at the hospital.<br><br>EVIDENCE: Exhibit B – Morton Deposition Vol. II at 204:1-11, 204:18-205:8. (Johnson Dec. ¶4, ¶15) | Undisputed. |
| 44 | Plaintiff had been prescribed medications and had scheduled visits with psychiatrists and mental health personnel before removing his eye.<br><br>EVIDENCE: Exhibit G – Metzner Deposition at 145:10-21, 180:2-10, 187:24-188:7-20.  (Johnson Dec. ¶9, ¶15) | Undisputed. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 45 | Plaintiff's own expert, Dr. Metzner, testified that he did not have any criticisms about the adequacy of the County's policies.<br><br>EVIDENCE: Exhibit G – Metzner Deposition at 185:8-19. (Johnson Dec. ¶9, ¶15) | Undisputed in part and Disputed in part .<br><br>Dr. Metnzer opined that his criticisms are the policies weren't implemented and appeared to be unknown to several clinicians at least. Exhibit 7 of Sharon J. Brunner Deposition Transcript of Dr. Metzner 181:18-21 |

45.    County Defendants' Response:

The materials cited by Plaintiff do not create a dispute. Plaintiff cites to a different portion of Dr. Metzner's testimony which has no impact on the fact presented. The fact presented is supported by the following testimony:

"Q. A general, overarching question for you about San Bernardino's County's policies as relate to your opinions in this case and Mr. Morton in particular, am I correct that you reviewed what you deemed like to be the relevant county policies as applied to Mr. Morton's care from January to February of 2019?

A. Yes. I asked to review all the mental health policies and procedures.

Q. In your opinion, are those policies themselves adequate?

A. That's the irony. Yes. I think -- I don't have criticisms about the adequacy of the policies."

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.'s SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | See Exhibit G – Metzner Deposition at 185:8-19. (Johnson Dec. ¶9, ¶15)  Therefore, the fact should be considered undisputed pursuant to Rule 56(e)(2). | |
| 46 | Dr. Metzner found that Plaintiff's refusal to take his medications likely contributed to Plaintiff removing his eye. SUF No. 46.  EVIDENCE: Exhibit G – Metzner Deposition at 190:19-24. (Johnson Dec. ¶9, ¶15) | Disputed in part – Dr. Metzner summarized that the lack of continuity of care, inadequate suicide risk assessments, lack of adequate treatment plan, delayed psychiatric evaluation contributed to the self inoculation [sic] Exhibit 7 of Sharon J. Brunner Deposition Transcript of Dr. Metzner 198:19-25, 199:1-25, 200:1-5 |

46.    County Defendants' Response:

The materials cited by Plaintiff do not create a dispute. Plaintiff cites to a different portion of Dr. Metzner's testimony which has no impact on the fact presented. The fact presented is supported by the following testimony:

"Q. In your opinion, did any of Mr. Morton's own actions likely contribute to his self-enucleation?

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | A. Well, his own actions, he didn't take – he refused meds, and so in that sense, that contributed. And obviously, he's the one who enucleated his eye. That contributed." <br><br> See Exhibit G – Metzner Deposition at 190:19-24. (Johnson Dec. ¶9, ¶15) <br><br> Therefore, the fact should be considered undisputed pursuant to Rule 56(e)(2). | |
| 47 | The WVDC staff did not involuntarily administer Plaintiff's medication and Dr. Metzner agreed with their decision. <br><br> EVIDENCE: Exhibit G – Metzner Deposition at 190:2-4, 190:12-15. (Johnson Dec. ¶9, ¶15) | Undisputed. |
| 48 | Dr. Metzner found that the 15 minute checks did not cause Plaintiff to remove his eye. <br><br> EVIDENCE: Exhibit G – Metzner Deposition at 198:13-18. (Johnson Dec. ¶9, ¶15) | Undisputed. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 49 | Dr. Metzner never asserted that Plaintiff needed to be under constant observation.<br><br>EVIDENCE: Exhibit G – Metzner Deposition at 146:8-14, 166:5-18, 198:1-7. | Disputed<br><br>Based on the records from West Valley Detention Center which contained inadequate suicide risk assessments, he was unable to give an answer. Exhibit 7 of Sharon J. Brunner Deposition Transcript of Dr.Metzner 198:1-7 |

49.    County Defendants' Response:

The materials cited by Plaintiff do not create a dispute. The fact presented is supported by the following testimony:

> Now I'm on page 4. I'm sorry, I was on -- I was on page 5. Let me -- okay. Page 6.
> Dr. Metzner asserts that Mr. Morton required constant observation. And I didn't assert that --
> Q. You did or did not?
> A. I did not.

See Exhibit G – Metzner Deposition at 146:8-14. (Johnson Dec. ¶9, ¶15)

Further, Plaintiff cites to the same portions of Dr. Metzner's testimony Defendants' use to support the fact presented. The fact remains that Dr. Metzner

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | never asserted that Plaintiff needed to be under constant observation. Therefore, the fact should be considered undisputed pursuant to Rule 56(e)(2). | |
| 50 | Dr. Metzner acknowledged that Plaintiff affirmatively denied having suicidal ideations and was seen by mental health providers before he removed his eye.<br><br>EVIDENCE: Exhibit G – Metzner Deposition at 166:23-25, 167:1-3. (Johnson Dec. ¶9, ¶15) | Undisputed. |
| 51 | Plaintiff was transferred from High Desert Detention Center to West Valley Detention Center on January 11, 2019 at 9:40 a.m..<br><br>EVIDENCE: Exhibit H – Transfer Report at "ASSIGNMENT/ARRIVAL". (Johnson Dec. ¶10, ¶15) | Undisputed. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 52 | The only accommodation that Plaintiff asked for while in custody from January 11, 2019 – February 7, 2019 was for medication.<br><br>EVIDENCE: Exhibit C – Morton Deposition Vol. III at 24:11-28:22. (Johnson Dec. ¶5, ¶15) | Undisputed. |
| 53 | Even without information from the officers, the jail staff of the HDDC and WVDC were able to immediately determine that Plaintiff was mentally ill health concerns and they specific medication he was taking.<br><br>EVIDENCE: Exhibit G – Metzner Deposition at 162:23-163:3, 177:4-22. (Johnson Dec. ¶9, ¶15) | Disputed –<br><br>Dr. Metzner was critical of the arresting deputies who failed to convey important information concerning Mr.Morton's stay at Victor Valley Hospital, Canyon Ridge Hospital, a new medical prescription, and other information received from Mr. Morton's mother on the 11th, which was vital to give Mr. Morton the medical care he needed. Exhibit 7 of Sharon J. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.'s SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | | Brunner Deposition Transcript of Dr. Metzner 100:3-16 |

53.    County Defendants' Response:

The materials cited by Plaintiff do not create a dispute. Plaintiff cites to a different portion of Dr. Metzner's testimony which has no impact on the fact presented. The fact presented is supported by the following testimony:

> Q. Regardless of that form or any information from Ms. Adams, the intake nurse at the jail, that very first intake at High Desert Detention Center, was able to determine that Mr. Morton was taking Seroquel and that he was seriously mentally ill, right?
> A. Correct.

See  Exhibit G – Metzner Deposition at 162:23-163:3. (Johnson Dec. ¶9, ¶15).

> Q. But even without that information from arresting officers, intake was able to determine right at the very beginning that Mr. Morton was seriously mentally ill, right?
> A. Yes, which unfortunately didn't result in a psychiatric evaluation for some time.

See Exhibit G – Metzner Deposition at 177:4-22. (Johnson Dec. ¶9, ¶15)

Therefore, the fact should be considered undisputed pursuant to Rule 56(e)(2).

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 54 | Plaintiff stated that his <u>Monell</u> claims were based solely on the alleged conduct of Deputy Kabluyen and Deputy Peters in their interrogatory responses.<br><br>EVIDENCE: Exhibit L – Plaintiff Responses to County Interrogatories Set 1 at 5:25-6:5, 9:1-10, 10:20-25, 10:8-15, 12:25-13:10, 14:24-15:3, 16:15-17:3, 18:11-19:3, 20:15-19, 22:1-7, 23:17-22, 25:8-17, 27:4-21, 29:12-21, 31:8-21, 33:8-34:5-14, 36:4-37:8, 38:19-39:7. (Johnson Dec. ¶14, ¶15) | Disputed in part-<br>Plaintiffs plead sufficient information in Second Amended Complaint Dkt.29 to put Defendants on notice on other monell theories. Additionally, Plaintiffs conducted a PMK deposition of the PMK most knowledgeable on West Valley Detention Center policies and procedures. (See Exhibit 5) |

54. County Defendants' Response:

Plaintiff fails to provide any basis for their dispute. As shown in the materials cited by the Defendants', Plaintiff's interrogatory responses state that his <u>Monell</u> claims are based solely on the alleged conduct of Deputy Kabluyen and Deputy Peters. Plaintiff does not dispute this. Therefore, the fact should be considered undisputed pursuant to Rule 56(e)(2).

COLE HUBER LLP<br>2855 E. GUASTI ROAD, SUITE 402<br>ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 55 | Plaintiff never stated that his <u>Monell</u> claims were not based on any alleged conduct of Emily Newton or Remus Dilig.<br><br>EVIDENCE: Exhibit L – Plaintiff Responses to County Interrogatories Set 1. (Johnson Dec. ¶14, ¶15) | Disputed –<br>See Plaintiff's Response to 54. |

55.    County Defendants' Response:

Plaintiff's response to SUF No. 54 fails to provide any basis for their dispute of the fact presented in SUF No. 55. As shown in the materials cited by the Defendants', Plaintiff's interrogatory responses state that his <u>Monell</u> claims are based solely on the alleged conduct of Deputy Kabluyen and Deputy Peters. Plaintiff does not dispute this. Therefore, the fact should be considered undisputed pursuant to Rule 56(e)(2).

| 56 | Plaintiff never identified a supervisor to support their ratification theory for their <u>Monell</u> claim in their interrogatory responses. | Undisputed. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Df.s' SUF No. | County Defendants' Undisputed Fact and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| | EVIDENCE: Exhibit L – Plaintiff Responses to County Interrogatories Set 1. (Johnson Dec. ¶14, ¶15) | |
| 57 | Plaintiff's ADA and RA claims are based on the adequacy of his medical treatment.<br><br>EVIDENCE: Exhibit L – Plaintiff Responses to County Interrogatories Set 1 at 40:11-23, 41:25-42:10, 43:21-44:14, 45:17-46:2. (Johnson Dec. ¶14, ¶15) | Undisputed. |

### DEFENDANTS' RESPONSES TO PLAINTIFF'S ADDITIONAL FACTS

| Pltf.'s SUF No. | Fact | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| 1 | Deputy Kabluyen was employed by the San Bernardino County Sheriff's Department on January 11, 2019 and responded to Marie | (Exh1 Decl. Sharon Brunner **transcript page number 15, lines 10-21Kabluyen depo** | Undisputed |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Pltf.'s SUF No. | Fact | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | Adams 911 call for help for Mr. Morton | | |
| 2 | Deputy Peters was employed by the San Bernardino County Sheriff's Department on January 11, 2019 | Exh. Decl. Sharon Brunner **transcript of Peters page 16, lines 1-7)** | Undisputed |
| 3 | San Bernardino's Sheriff's Dispatch information conveyed to Deputy Peters prior to arriving at the home of Marie Adams was that Mr. Morton was schizophrenic. | (Exh 2 Decl. Sharon Brunner, **transcript of Peters page 16, lines 11-20).** | Undisputed |
| 4 | Marie Adams informed Deputy Peters that Mr. Morton needed to be taken to a hospital for his mental illness | (Exh. 2 Decl. Sharon Brunner, **transcript of Peters, page 30, lines 3-23, page 33, lines 16-23**) | Disputed as to the use of "informed" and "needed". The cited testimony states that Ms. Adams was "yelling" that she "wanted" Mr. Morton to be |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Pltf.'s SUF No. | Fact | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | taken to the hospital. |
| 5 | Deputy Peters also observed Mr. Morton's behavior during the initial encounter and described it as catatonic and visualized a cut on Mr. Morton's hand. | (Exh. 2 Decl. Sharon Brunner, **transcript of Peters, page 16, lines 7-22**). | Disputed. The cited testimony does not support the proposed fact. |
| 6 | Deputy Peters failed to seek medical care for Mr. Morton though she testified that she had taken individuals in the past who were a threat to themselves or others "5150" to hospitals such as Arrowhead Regional Medical Center and Loma Linda University Medical Center | (Exh. 2 Decl. Sharon Brunner, **transcript of Peters, page 34, lines 3-25, page 35, lines 1-16).** | Disputed. The proposed fact— "Deputy Peters failed to seek medical care for Mr. Morton"— Is not supported by the cited testimony. Additionally, it is directly contradicted by Mr. Morton's own |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Pltf.'s SUF No. | Fact | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | testimony where he testified that paramedics were on scene and evaluated Mr. Morton before he was arrested. (See Exhibit B 170:7-171:5, Johnson Dec. at ¶4) |
| 7 | Deputy Peters admitted having been trained on dealing with individuals who had mental illnesses including schizophrenia during the police academy. | (Exh. 2 Decl. Sharon Brunner, **transcript of Peters, page 40, lines 24-25, page 41, lines 1-9)** | Undisputed. |
| 8 | Deputy Peters despite being required by San Bernardino County Intake Policy to provide detailed information on an inmate at booking failed to sign the arresting officer section attesting to providing | Nurse (Exh 2 **transcript of Peters, page 57, lines 16-25**). | Disputed. The proposed fact is not supported by the cited testimony. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Pltf.'s SUF No. | Fact | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | the information to the Intake Nurse | | Plaintiff fails to identify the policy referenced, and Deputy Peters testified that she did not recall any such policy. (See Exhibit 2 at 57:9-25 Decl. Brunner ¶2). |
| 9 | Deputy Peters failed to even recall the policy requiring this information | (Exh 2 Decl. Sharon Brunner, **transcript of Peters, page 56, lines 21-25, page 57, lines 9-15**) | Disputed.<br><br>See Response to Plft. SUF No. 8. |
| 10 | Deputy Peters testified at her deposition that she had never been trained on the form "Receiving Screening" and was unfamiliar with the form and was not trained on the Arresting Deputy's | (Exh. 2 Decl. Sharon Brunner, **transcript of Peters, page 59, line 24-25; page 60, lines 1-25; page 61, lines 1-25; page 61, lines** | Disputed.<br><br>The proposed fact is not supported by the cited testimony. |

| Pltf.'s SUF No. | Fact | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | requirements to complete the form. | **1- 25; page 63, lines 1-6; page 63, lines 17-23;).** | Deputy Peters testified that the form being discussed (Exhibit 3) is a medical form that she would not fill out and did not fill out. (See Exhibit 2 at 59:11-23, 61:7-14, 61:23-62:2, 62:21-25, Decl. Brunner ¶2). Additionally, the form being discussed (Exhibit 3) shows as being "Completed by: Coruna Mary Ann RN" (See Exhibit 3 at top of COSB00670). |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Pltf.'s SUF No. | Fact | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| 11 | The arresting deputy would have been required to provide answers to the following questions to the Intake Nurse and sign the form attesting to the information: **"Is the arresting officer aware of any of the following?"** | (Exh. 3 Decl. Sharon Brunner, COSB00670-COSB00674) | Disputed.<br><br>The proposed fact attempts to establish the premise that the Deputy's signature "attests" to the information in the form. However, there is nothing in the form that indicates the signature is "attesting" to any of the information. (See Exhibit 3 at COSB00670). |
| 12 | Defendant Dilig Remus was a nurse employed by San Bernardino County on January 11, 2019, and was working as a nurse at WVDC and had contact with Mr. Morton at WVDC on January 13, 2019 | (Exh. 4 Decl. Sharon Brunner, transcript of Remus Dilig page 14, lines 1-14; page 19, lines 14- | Undisputed. |

| Pltf.'s SUF No. | Fact | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | 24; Page 21, lines 4-13.). | |
| 13 | On January 13, 2019, Defendant Remus performed a suicide risk assessment on Mr. Morton as Mr. Morton was reported to homicidal as he was visualized to be chasing another inmate at the facility. | (Exh. 4 Decl. Sharon Brunner, transcript of Remus Dilig, page 21, lines 4-19., page 22, lines 22-25; page 23, lines 1-25). | Undisputed. |
| 14 | Mr. Morton was noted to be having hallucinations on January 13, 2019, as noted by Defendant Remus Dilig, | (Exh. 4 Decl. Sharon Brunner, transcript of Remus Dilig, page 27, lines 14-18.) | Undisputed. |
| 15 | Defendant Remus checked "NO" for a psychiatric referral box on the form. Defendant Remus testified that he was not qualified or allowed to make such a referral as a nurse. | (Exh. 4 Decl. Sharon Brunner, transcript of Remus Dilig, page 29, lines 2- 25; page 30, lines 1-25; page 31, lines | Disputed.

The facts is not supported by the cited testimony and Plaintiff fails to provide the "form" referenced. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Pltf.'s SUF No. | Fact | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | 1- 25, page 32, lines 1- 25) | The cited evidence also does not support Plaintiff's assertion that Defendant Dilig testified "testified that he was not qualified or allowed to make such a referral as a nurse." Defendant Dilig testified in this regard "As medical, we do not <u>make the appointment</u> for the referral to the psychologist.· Mental Health – <u>so they're automatically placed on a queue and Mental Health make the appointment</u> for the psychologist." |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Pltf.'s SUF No. | Fact | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | (emphasis added) Bruner Decl. ex. 4 at page 29, lines 2-5.  Defendant Dilig further testified "Well, he's gonna see a psychologist regardless, but I'm not allowed <u>to make that appointment as medical</u>."  <u>Id.</u> (emphasis added). |
| 16 | His testimony and belief were later contradicted by the Person Most Knowledgeable for San Bernardino County Mental Health Policies and Procedures. | (Exh 5 Decl. Sharon Brunner, transcript of Kristin Figueroa, page 32, lines 4-18) | Disputed.<br><br>The proposed fact does not identify who "His" is in reference to or what testimony is being "contradicted." To the extent Plaintiff asserts that Ms. Figueroa |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Pltf.'s SUF No. | Fact | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | | | contradicted Defendant Dilig's testimony cited in the Pl.'s Fact No. 15, the cited evidence does not support such an assertion.  Ms. Figueroa testified about making a referral, not about scheduling the appointment.  <u>See</u> Brunner Decl. Ex. 5 at page 32, lines 8-18. |
| 17 | Defendant Emily Newton was a nurse employed by San Bernardino County on February 03, 2019 and was working as a nurse at WVDC | (Excl. 6 Decl. Sharon Brunner, **transcript of Newton page 12, lines 2-24.**). | Undisputed. |
| * | While in the safety cell Defendant | (Exh 6 Decl. Sharon Brunner, **transcript of** | Undisputed. |

4888-5034-2386.3

| Pltf.'s SUF No. | Fact | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| | Newton made a referral for Mr. Morton to the emergency room. | **Newton, page 46, lines, 15-25.)** | |
| 18 | The referral was made for the emergency room as Mr. Morton has been observed on suicide watch running into pony wall and doing cartwheels headfirst into toilet three times. | (Exh. 6 Decl. Sharon Brunner, **transcript Newton, page 47, lines 1-7.)** | Disputed.  Plaintiff does not identify what "referral" is being referenced and the proposed fact is not supported by the cited testimony. |
| 19 | This was noted to be a suicide attempt by Defendant Newton and resulted in Mr. Morton suffering a laceration of his face and his left toe. | (Exh 6 Decl. Sharon Brunner, **transcript of Newton, page 54, lines 21-25; page 62, lines 1-4)** | Disputed.  Plaintiff does not identify what "This" is referring to, and the proposed fact is not supported by the cited testimony. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

| Pltf.'s SUF No. | Fact | Supporting Evidence | Defendants' Response |
|---|---|---|---|
| 20 | Defendant Newton was aware that Mr. Morton suffered from a positive psychiatric history. | (Exh. 6 Decl. Sharon Brunner, **transcript Newton, page 56, lines 22-25; page 57, lines 1-3).** | Undisputed. |
| 21 | Defendant Newton was also aware that Mr. Morton had suffered a facial laceration previously while at WVDC and was referred to a emergency room on January 30, 2019. | (Exh6 Decl. Sharon Brunner, **transcript of Newton Page 59, lines 5-24)** | Undisputed. |
| 22 | Defendant Newton failed to notify any doctors or a psychiatrist of these events involving Mr. Morton. | (Exh. 6 Decl. Sharon Brunner, **transcript of Newton, page 62, lines 9-20; page 63, lines 3-25; page 64, lines 1-4)** | Disputed.<br><br>Plaintiff does not identify what "events" they are referring to, and the cited testimony does not support the proposed fact. |

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

1

2      *Plaintiff's separate statement of undisputed facts skipped the number

3  between 17 and 18. For continuity, Defendants left this proposed fact unnumbered.

4

5  Dated:  October 22, 2024          COLE HUBER LLP

6

7

8                          By:      /s/ Jeremiah D. Johnson

9                                Daniel S. Roberts

10                            Nicole R. Roggeveen

11                            Jeremiah D. Johnson

                              Attorneys for Defendants San Bernardino,

12                            County, Deputy Jarred Kabluyen, Deputy

13                            Kayla Peters, Remus Dilig (erroneously

                              sued as Dilig Remus), and Emily Newton

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

4888-5034-2386.3